United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH DOMINIC VACCARO,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING INC.,<br><br>Defendant. | Case No. 18-cv-05111-HSG<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Pending before the Court is Plaintiff Ralph Dominic Vaccaro's ex parte application for a temporary restraining order. Dkt. No. 2. For the reasons detailed below, the application is DENIED.

## I. BACKGROUND

On August 21, 2018, Plaintiff, filed a complaint and request for injunction, as well as the instant ex parte application, seeking to enjoin the foreclosure sale of the property located at 1343 Gay Ave, Campbell, CA, 95008 (the "Property"), that is scheduled for August 23, 2018. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("Mot."). The requested temporary restraining order would enjoin Defendant Select Portfolio Servicing, Inc. ("Select Portfolio") from foreclosing on the Property.

Plaintiff alleges that Defendant "[b]roke [f]ederal [f]oreclosure [l]aws" by dual tracking Plaintiff's loan modification and foreclosure of the Property in August of 2017. Compl. at 3, 4. Plaintiff invokes the Homeowners Bill of Rights in this claim, and the Court construes Plaintiff's complaint as an allegation that Defendant violated Cal. Civ. Code § 2923.6 (pre-2018) and/or Cal. Civ. Code § 2924.11 (post-2017) (together, "HBOR Dual Tracking Statutes").

The HBOR Dual Tracking Statutes provide that a lender may not sell a borrower's home in foreclosure while a complete application for a foreclosure prevention alternative is pending. Cal. Civ. Code §§ 2923.6(c), 2924.11(a). Plaintiff alleges that Defendant posted a notice of auction

sale on August 30, 2017. Compl. at 4. Plaintiff notes that Defendant notified him that his loan modification had been rejected on August 31, 2017.

Plaintiff additionally alleges that on March 23, 2018, Defendant agreed to send a subsequent loan modification application that Plaintiff never received. Mot. at 2. In May, 2018, when Defendant informed Plaintiff that the loan modification application had not been returned completed, Plaintiff contacted Defendant and was sent a new agreement. *Id.* Plaintiff disagreed with certain terms of that agreement and contacted Defendant with questions. *Id.* On May 9, 2018, Plaintiff alleges that Defendant gave notice that the loan modification agreement offer was rescinded. *Id.* When Plaintiff again contacted Defendant, he was given twenty-four hours to complete a new application. *Id.* Plaintiff contends that this was insufficient time, and now requests an order enjoining the foreclosure sale of the Property currently scheduled for August 23, 2018.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order is the same as for a preliminary injunction. *Gonzalez v. Wells Fargo Bank*, No. 5:12-cv-03842, 2012 WL 3627820, at *1 (N.D. Cal. Aug. 21, 2012) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking preliminary relief must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the

2

public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**III.    ANALYSIS**

Plaintiff has not demonstrated a likelihood of success on the merits in his claims against Select Portfolio. Plaintiff's allegations do not establish a likely violation of the HBOR Dual Tracking Statutes. Plaintiff's claims regarding an alleged one-day period in August 2017 when foreclosure proceedings had been initiated but before Plaintiff's application for loan modification had been terminated fail to allege that Defendant "record[ed] a notice of default or notice of sale, or conduct[ed] a trustee's sale" of the Property. Cal. Civ. Code § 2923.6(c). Indeed, because Defendant is only now conducting a foreclosure sale on the Property, it is evident that Defendant did not complete foreclosure proceedings while Plaintiff's 2017 loan modification application was pending.

Further, Plaintiff's claim as to the current foreclosure does not allege a violation of the HBOR Dual Tracking Statutes. Plaintiff submits a letter from Defendant, dated August 9, 2018, which confirms Plaintiff's timeline of events. Mot. at 5–6. The letter indicates that, when Defendant did not receive an executed loan modification agreement in April of 2018, Defendant considered the offer withdrawn and proceeded with foreclosure, as Plaintiff is "30 payments past due" on his loan. *Id.* Plaintiff also submits an unsigned loan modification agreement dated April 1, 2018. *Id.* at 11.

"With no complete application submitted, the HBOR provides no impediment to foreclosure." *Valentino v. Select Portfolio Servicing, Inc.*, No. 14-CV-05043-JCS, 2015 WL 1906122, at *4 (N.D. Cal. Apr. 24, 2015). Here, Plaintiff does not even allege that Defendant is in receipt of a completed loan modification application that would prevent a foreclosure sale of the Property. Therefore, Plaintiff has not demonstrated any potential for success on the merits of his claims under the HBOR Dual Tracking Statutes.

//

//

//

## IV. CONCLUSION

Because the test for injunctive relief requires a showing of likelihood of success, the Court does not reach the remaining *Winter* factors. Accordingly, the Court **DENIES** Plaintiff's *ex parte* administrative motion for a temporary injunction and restraining order.

**IT IS SO ORDERED.**

Dated: 8/22/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge