UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH DOMINIC VACCARO,<br>Plaintiff,<br>v.<br>SELECT PORTFOLIO SERVICING INC.,<br>Defendant. | Case No. 18-cv-05111-HSG<br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br>Re: Dkt. Nos. 10, 28 |

On September 11, 2018, Defendant Select Portfolio Servicing, Inc. ("Select Portfolio") filed a Motion to Dismiss the Complaint filed by Plaintiff Ralph Dominic Vaccaro. Dkt. No. 10. Plaintiff did not respond to this motion by the default September 25, 2018 deadline. On December 11, 2018, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 28. Plaintiff did not respond to the Court's order by the December 17, 2018 deadline. For the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**I.    DISCUSSION**

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as

an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.2d at 1260-61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Plaintiff failed to respond to Defendant's Motion to Dismiss and to the Court's order. *See* Dkt. Nos. 10, 28. The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has demonstrated "routine noncompliance": he failed to respond to the December 11 order to show cause as detailed above. *See* Dkt. No. 28. Plaintiff's noncompliance "has consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted).

2

In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991-92. Here, by way of comparison, Plaintiff has not even provided a "groundless" or "paltry" excuse—rather, he has been entirely absent, and failed altogether to respond to this Court's order. This factor therefore weighs in favor of dismissal.

Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven ineffective in advancing the case. The Court entered an order to show cause, expressly warning Plaintiff that his case was at risk of dismissal for failure to prosecute. *See* Dkt. No. 28. He failed to show cause, or to respond at all. This factor therefore weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Last, because "[p]ublic policy favors disposition of cases on the merits . . . this factor weighs against dismissal." *See Pagtalunan*, 291 F.3d at 643. This is true here, where Plaintiff would be precluded from litigating his surviving claims due to his failure to prosecute.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 12/19/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3